FILED

2010 May-06  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| EDDISON WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: CV-10-_____ |
| | ) | |
| LIME FINANCIAL SERVICES, LTD, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff and as his Complaint against Defendant Lime Financial

Services, LTD avers as follows:

## JURISDICTION

This action includes claims which arise under the statutes of the United States and this

Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## SUMMARY OF CLAIMS

This claim arises from real estate loan transactions resulting in a mortgage upon

Plaintiff's home which is located in this district. The Plaintiff asserts claims against Defendant

Lime Financial Services, LTD ("Lime") arising under the federal Truth in Lending Act

("TILA"), 15 U.S.C. § 1601 et seq.   The Plaintiff alleges that Lime, the originator of the

Plaintiff's loan, failed to make accurate disclosures as required under TILA.  Specifically, Lime

failed to provide adequate notice of Plaintiff's statutory right to cancel the transaction.  As a

consequence of the failure to provide adequate notice of the right to cancel, Plaintiff has retained

his right to cancel the transaction.  Plaintiff has exercised that right by delivering written notice

of his election to cancel in accordance with the requirements of TILA. Lime has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiff's loan cancellation. Plaintiff seeks a court determination that his loan transaction has been rescinded. Plaintiff also seeks statutory and actual damages for violations of TILA. plus attorney's fees and costs.

## THE PARTIES

1.      Plaintiff is of full age of majority and resides in this district.

2.      Lime Mortgage Company ("Lime") is an Oregon corporation with its principal place of business at Lake Oswego. Oregon. At all relevant times. Lime was engaged in the making. holding and/or selling of federally related residential mortgage loans. Lime does business in this district by making. holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

3.      The Plaintiff's loan is subject to the federal Truth in Lending Act. 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations. 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiff's loan.

4.      Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that

each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor. the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5.      A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6.      When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7.      Within twenty (20) days after the receipt of a consumer's election to cancel the transaction. the creditor must return to the consumer all money or property given. including all interest and finance charges paid. and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor. to the extent practicable or equitable.

8.      Lime failed to provide the required notices of the Plaintiff's right to cancel the loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

9.      Pursuant to TILA, Section 15 U.S.C. 1635, the Plaintiff has retained a right to rescind his mortgage with respect to his loan with Lime.

10.      The Plaintiff has exercised his right to cancel the transaction and has notified Lime of his election to cancel as required by 15 U.S.C. § 1635. Lime has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.

11.      Lime is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

12.      Plaintiff is an adult resident of Tuscaloosa County, Alabama and at all material times resided at 11260 Mt. Laurel Drive, Northport, Alabama 35475.

13.      On or about April 25, 2007, the Plaintiff obtained a residential real estate mortgage loan with Lime. The total amount of the loan was $700,000 and was secured by a mortgage security interest in Plaintiff's home.

14.      Lime failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

15.      By letter dated March 17, 2010, Plaintiff, through his attorney, notified Lime of his election to rescind the loan.

4

16. Despite having received notice of Plaintiff's election to cancel the transaction. Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

17. Lime, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

## COUNT 1
### TILA Violations

18. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

19. Plaintiff has properly and effectively cancelled and rescinded his loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

20. In the course of this consumer credit transaction, the Defendant violated 15 U.S.C § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiff two copies of the notice of the right to rescind which clearly and conspicuously disclosed the date the rescission period expired. The disclosures were and are deficient because the Notice of Right to Cancel form does not include the date the rescission period expires as required by 12 C.F.R. § 226.23(b)(1)(v): and Plaintiff has a continuing right to rescind the transaction pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Lime and in his favor. and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a):

5

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of Plaintiff's loan, including a declaration that Plaintiff is not liable for

any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the

mortgage transaction is void, and an order requiring Lime to release such security

interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the

Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to Lime, but in

the alternative, if tender is required, a determination of the amount of tender

obligation in light of all of the Plaintiff's claims, and an order requiring Lime to

accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this the 30th of April, 2010.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

James D. Patterson (PATTJ6485)
Kenneth J. Riemer (RIEMK0812)
Earl P. Underwood, Jr. (UNDDEE6591)
Attorneys for Plaintiff
166 Government Street, Suite 100
Mobile, Alabama 36602
251.432.9212 (telephone)
251.433.7172 (fax)
jpatterson@alalaw.com

6

**DEFENDANT LIME TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Lime Financial Services. LTD.
5885 SW Meadows Road Ste. #600
Lake Oswego, OR 97035