FILED
2010 Jul-23  PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **EDDISON WALTERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 10-01148** |
| | ) |
| **LIME FINANCIAL SERVICES, LTD,** | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant Lime Financial Services, Ltd. ("Lime" or "Defendant"), by and through its undersigned counsel, hereby moves this Honorable Court to dismiss all claims asserted against it in Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### INTRODUCTION

Under the Truth-In-Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), a borrower in a finance transaction has the right to rescind his or her loan within three business days of either the loan's closing or the receipt of all required TILA disclosures, including a notice that clearly and conspicuously discloses the borrower's right to cancel. If the required TILA disclosures are not provided to the borrower, or are defective, TILA extends the right to rescind from three days to

01995073.1

three years. Therefore, a borrower's entitlement to an extended right of rescission hinges on the lender's failure to supply the required TILA disclosures at closing.

Plaintiff in this case seeks to rescind an April 25, 2007 "residential real estate mortgage loan" with an original principal balance of $700,000. Although Plaintiff concedes that he received notice of his three-day right to cancel on the day of the closing, he claims that the notice is somehow defective because Lime's agent allegedly failed to fill in certain "blanks" for "dates" on the form. The Southern District of Alabama in *Ward v. Lime Financial Services, Ltd*, 2009 U.S. Dist. LEXIS 98619 (S.D. Ala. Oct. 5, 2009) ("*Ward*")[1] (copy attached as Exhibit A) -- a case involving the <u>same Defendant</u> and <u>same Plaintiff's counsel</u> -- granted Lime's motion to dismiss the very <u>same claim</u> sought to be advanced in this case. Lime respectfully submits that this Court should adopt the Southern District's well reasoned opinion in *Ward*, which is based on controlling Eleventh Circuit authority, and dismiss Plaintiff's Complaint with prejudice.

## FACTS

The following facts are alleged in Plaintiff's Complaint or are set forth in documents referenced in the Complaint:

---

[1]   The *Ward* decision was issued as a Report and Recommendation by Magistrate Judge Katherine P. Nelson which was adopted, without objections, by Judge Kristi K. Dubose. *See Ward v. Lime Financial Services, Ltd.*, 2009 U.S. Dist. LEXIS 98530 (S.D. Ala., Oct. 21, 2009).

1.     Plaintiff alleges that he obtained a "residential real estate loan" from Lime on April 25, 2007.  Complaint ("Compl."), ¶ 13.

2.     Plaintiff signed a "RECEIPT OF NOTICE OF RIGHT TO CANCEL" form on April 25, 2007 (the day of the closing) and specifically acknowledged: "Each of the undersigned have now received two Notice of Right to Cancel forms. The above real estate loan cannot be funded until three (3) business days have elapsed since the date of this acknowledgment of receipt of the Notice of Right to Cancel." *See* Compl., ¶ 15 and March 22, 2010 letter referenced therein, a copy of which is attached hereto as Exhibit B.[2]

3.     The "NOTICE OF RIGHT TO CANCEL" admittedly received by Plaintiff further advised him that that he had the "legal right under federal law to cancel this transaction, without cost, within three (3) business days from whichever of the following events occurs last: (1) the date of the transaction, which is _____; (2) the date you received your Truth-In-Lending disclosures; or (3) the

---

[2]     Plaintiff states in his Complaint that he provided Lime with notice of his election to rescind the loan by letter dated March 17, 2010, but the letter is actually dated March 22, 2010. Since the March 17, 2010 letter and enclosed Notice of Cancellation are referred to in Plaintiff's Complaint and are central to his claims, these documents may be considered as part of a motion to dismiss without converting the motion to a summary judgment motion. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("Where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."); *Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006); *Orange Beach Dev. Group, L.P. v. Powers*, No. 07-0121-KD-B, 2007 U.S. Dist. LEXIS 47757 *7 (S.D. Ala. 2007).

date you received this notice of your right to cancel." *See* Exhibit B (Notice of Cancellation)

4.      Plaintiff does not dispute that notice of the right to cancel was provided at closing, but claims that the notice was ineffective because two "blanks" for "dates" on the form were not filled in. Compl., ¶ 14.

5.      Plaintiff alleges that he notified Lime of his intention to "cancel the transaction" on March 17, 2010. Compl., ¶ 15; *see also* Exhibit B (Notice of Cancellation)

6.      On May 3, 2010, Plaintiff filed this action against Lime alleging TILA violations and seeking, inter alia, statutory damages, actual damages, rescission, declaratory relief, return of any moneys, costs, and attorney fees. Compl., pp. 4-5.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of a plaintiff's complaint. *Gilmore v. Day*, 125 F. Supp. 2d 468, 471 (M.D. Ala. 2000). For purposes of considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's allegations as true. *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004). A complaint should be dismissed "when the allegations in a complaint, however true,

could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2006) ("*Twombly*").[3]

## ARGUMENT

### A.    Plaintiff Cannot State a Claim For Rescission

Plaintiff <u>admits</u> that he was provided with a "form notice" of his right to cancel the loan (the "Notice") on the date of closing (April 25, 2007) and further <u>admits</u> that he did not seek cancellation within three business days thereafter. Compl., ¶ 15; Exhibit B (Notice of Cancellation).    Nevertheless, Plaintiff claims that the Notice he received and signed was defective because Lime's agent allegedly failed to fill in two blanks for dates on the form.[4] *Id*. This very same argument, based on an identical fact pattern, was fully addressed and summarily rejected by the Southern District of Alabama in *Ward* on a 12(b)(6) motion to dismiss.

---

[3]    The Supreme Court in *Twombly* held that a plaintiff's "plain statement" in his complaint must "possess enough heft to show entitlement to relief," including factual allegations sufficient to support and justify the requested relief. *Twombly*, 127 S. Ct. at 1966.    To that end, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965.    Essentially, "[f]actual allegations must be enough to raise the right to relief above the speculative level, in the assumption that all the allegations in the complaint are true." *Id*. at 1965.    Importantly, if a plaintiff's factual allegations fail to meet this preliminary threshold, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 1966.

[4]    Lime disputes Plaintiff's contention that the Notice was not fully completed and asserts that the lender's copy of this form, executed by Plaintiff, contains the date by which Plaintiff was required to exercise his right to cancel the transaction.    Nevertheless, Lime recognizes that, for purposes of a Rule 12(b)(6) motion, Plaintiff's allegations must be accepted as true.

The plaintiffs in *Ward*, like the Plaintiff here, alleged that they were entitled to invoke TILA's three-year extension on the right to rescind because Lime "left blank certain items on each of their Notice of Right to Cancel" forms, including the ending date for the statutory three-day right of rescission." *Ward*, 2009 U.S. Dist LEXIS at *13. The Court rejected plaintiffs argument, finding that the notices of rescission rights were sufficiently clear and conspicuous. The Court explained:

> The notices at issue, on a separate page signed by the borrowers, state clearly that the borrower has a legal right to cancel the transaction, without cost, within three business days from the latest of (a) the date of the transaction, (b) the date they received their TIL disclosures, or (c) the date they received their notice of their right to cancel. Although the Notices do not state the date of the transaction, the borrowers dated the forms when the[y] signed them. **Thus, it is a simple matter for a reasonable borrower to calculate the date by which they were required to exercise their rescission rights from the information provided.** *See Melfi v. WMC Mortgage Corp.*, 568 F.3d 309 (1st Cir. 2009) ("[T]here is no evidence in TILA or any Board regulation that either Congress or the Board intended to render the form a nullity because of an uncompleted blank in the form or similar flaw where, as here, it could not possibly have caused Melfi to think he had months in order to rescind. The central purpose of the disclosure – the short notice period for rescission at will – was plain despite the blanks.").

*Id.* at *16 (emphasis added) (internal footnote and citation to record evidence omitted). *See also McMillian v. AMC Mortgage Services, Inc.*, 560 F. Supp. 2d 1210, 1221 (S.D. Ala. 2008) (*McMillian*)[5] (dismissing borrower's claims of failure

---

[5]     The Court in *Ward* relied heavily upon Judge William Steele's well reasoned decision in *McMillian*, which involved the same claims at issue both in *Ward* and in the present case (and advanced by the same Plaintiff's counsel). Judge Steele held that **"no reasonably attentive**

to fill in the blanks on a form that is virtually identical to the notice at issue here, holding that even if a form notice of right to cancel does not specify a date certain for cancellation, as a matter of law it still provides "the requisite clear and conspicuous notice" to a borrower if it indicates that the borrower has a legal right under federal law to cancel the transaction within three business days of whichever of three enumerated events occurs last); *Veal v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) ("TILA does not require perfect notice; rather it requires a clear and conspicuous notice of rescission rights").

Here, the Notice received and signed by Plaintiff, which is <u>identical</u> to the notice addressed by the Court in *Ward*, specifically stated that Plaintiff had three business days from the last of three possible dates – the date his loan was completed, the date he received his TILA disclosures, and the date he received his Notice – to rescind the loan. *See* Exhibit B.  This explanation precisely tracks the language of TILA regarding when a debtor may rescind his or her loan (compare Exhibit A with 15 U.S.C. § 1635(a)), and was found in both *Ward* and *McMillian* to provide the requisite "clear and conspicuous" notice to borrowers.  The Notice received by Plaintiff even repeats this information a second time in explaining how to cancel, refocusing the Plaintiff's attention on the fact that he had until three

---

consumer reading that Notice [with blanks that were not filled in with dates] could have failed to appreciate the existence and running of the three-day rescission period." *See McMillian*, 560 F. Supp. 2d at 1219-1220.

business days following the latest of the three specified events to rescind his loan. *See* Exhibit B (Notice of Cancellation). Plaintiff clearly knew his loan closed on April 25, 2007 (Compl, ¶ 13) and he executed the Notice on that same day. *See* Exhibit B. The Notice even explained how three business days are calculated under TILA. *Id.*

Since Plaintiff received the Notice and TILA Disclosures at closing, all he had to do to know the time period in which he was entitled to cancel his loan was count three business days from April 25, 2007 – the date of his closing and the date he received the Notice.[6] Because an alleged failure to fill in the blanks on a notice such as the one at issue here is, as a matter of law, not a violation of TILA entitling Plaintiff to an extended rescission window, Plaintiff was required to exercise his right to rescind within three days following the closing of his mortgage loan.

---

[6] Although courts typically evaluate the adequacy of TILA disclosures from the vantage point of a "hypothetical average consumer", *McMillian*, 560 F. Supp. 2d at 1218 n. 13, Lime notes that Plaintiff here is a licensed mortgage broker and owner/incorporator of ABX Mortgage Company, Inc. *See* Article of Incorporation and Mortgage Brokers License, attached hereto as Exhibit C.

This Court may take judicial notice of public records in connection with its consideration of a Rule 12(b)(6) motion. *See Crooked Creek Props., Inc. v. Ensley*, 2009 U.S. Dist. LEXIS 100907, *29 n.16 (M.D. Ala. 2009) (citing Bryant v. Avardo Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999) and In re Am. Cont'l Corp./Lincoln Sav. & Loan Secs. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996) ("[A]mple authority exists which recognizes that matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss.")).

Given that Plaintiff was a mortgage broker at the time of closing, his contention that the Notice provided was unclear or otherwise ineffective is perplexing.

Plaintiff did not do so, and his claim that Lime's alleged failure to "fill in the blanks" provides grounds for an extended rescission period fails as a matter of law.[7]

**B.      It Would Be Inequitable To Grant Rescission Because Plaintiff Does Not Allege The Ability To Tender The Principal Amount Due On His Loan.**

To rescind a loan under TILA, the borrower must return the principal of the mortgage loan, minus any interest and fees paid.  15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d).  Although the procedures set forth in the statute required the creditor to relinquish the security interest before the borrower must return the property received, courts have discretion to modify these procedures.  *See Williams v. Homestake Mortgage Co.*, 968 F.2d 1137 (11th Cir. 1992); *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003).  This includes the ability to

---

[7]      Plaintiff's claim for damages under TILA (*See* Compl., *ad damum* clause) must be dismissed as untimely, because Plaintiff failed to file his claim within one year of the date the alleged violation occurred, as required by TILA.  TILA provides that a borrower who has not received certain required disclosures may initiate an action for civil damages.  15 U.S.C. § 1640(a).  The limitations period for such an action, however, is one year from the date of the alleged TILA violation (with an exception not applicable here).  15 U.S.C. § 1640(e); *see also McMillian*, 560 F. Supp. 2d at 1221.  As noted, Plaintiff's TILA claim asserts alleged violations of TILA's disclosure requirements by Lime which occurred at the closing of his loan.  (Compl. ¶¶ 13-14)  At the latest then, Plaintiff's TILA damages claim arose at the closing of his mortgage loan transaction with Lime on April 25, 2007 (*Id.* ¶ 13).  Plaintiff did not file his claim against Lime until May 6, 2010 – more than three years after the loan transaction.  Plaintiff's claim for civil damages under TILA is thus time-barred.  *See McMillian*, 560 F. Supp. 2d at 1221; *In re Community Bank of Northern Virginia*, 467 F. Supp. 2d 466, 476 (W.D. Pa. 2006) (under TILA, "an action for damages has a one (1) year statute of limitations.");  15 U.S.C. § 1640(e).  Because Plaintiff cannot allege facts that would avoid the statute of limitations, dismissal of this claim with prejudice is proper.  *See Bailey v. Cumberland Cas. & Surety Co.*, 180 Fed. Appx.

condition rescission on the borrower's return of property. *Yamamoto*, 329 F.3d at 1171.

Plaintiff has not alleged that he is current on the loan or able to tender the unpaid loan balance amounts. In fact, Plaintiff is currently due for his July 2008 payment. The Court should require Plaintiff to allege and prove his ability to repay the loan proceeds before ordering rescission because otherwise an order of rescission would result in an "empty (and expensive) exercise of a trial on the merits." *Id.* at 1173.

## CONCLUSION

For the reasons set forth above, Plaintiff's rescission claim fails as a matter of law. Accordingly, Lime respectfully moves this Court for an Order dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

/s John David Collins
John David Collins

Attorney for Defendant
Lime Financial Services, Ltd.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James D. Patterson, Esq.
Kenneth J. Riemer, Esq.
Earl P. Underwood, Jr., Esq.
Attorneys for Plaintiff
166 Government Street, Suite 100
Mobile, Alabama  36602

/s John David Collins
OF COUNSEL

# EXHIBIT A



5 of 16 DOCUMENTS

**AARON AND KAYNATICE WARD, et al., Plaintiffs, v. LIME FINANCIAL SERVICES, LTD., Defendant.**

**CIVIL ACTION NO. 09-0057-KD-N**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA**

*2009 U.S. Dist. LEXIS 98619*

**October 5, 2009, Decided**
**October 5, 2009, Filed**

**SUBSEQUENT HISTORY:** Adopted by, Motion granted by, Claim dismissed by *Ward v. Lime Fin. Servs., 2009 U.S. Dist. LEXIS 98530 (S.D. Ala., Oct. 21, 2009)*

**COUNSEL:** [*1] For Aaron Ward, Kaynatice Ward, Tina Resmondo, Pauline Lampkin, Plaintiffs: Earl P. Underwood, LEAD ATTORNEY, Fairhope, AL; Joshua L. Ross, Steve D. Larson, LEAD ATTORNEYS, Portland, OR; Kenneth J. Riemer, Mobile, AL.

For Joey Resmondo, Plaintiff: Earl P. Underwood, LEAD ATTORNEY, Fairhope, AL; Steve D. Larson, LEAD ATTORNEY, Joshua L. Ross, Portland, OR; Kenneth J. Riemer, Mobile, AL.

For Lime Financial Services, Ltd., Defendant, Counter Claimant: Lois O. Rosenbaum, LEAD ATTORNEY, Timothy W. Snider, Portland, OR; U. Gwyn Williams, LEAD ATTORNEY, Boston, MA; Jeffery J. Hartley, Helmsing, Leach, Herlong, Mobile, AL.

For Tina Resmondo, Pauline Lampkin, Aaron Ward, Kaynatice Ward, Joey Resmondo, Counter Defendants: Earl P. Underwood, Fairhope, AL.

**JUDGES:** KATHERINE P. NELSON, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** KATHERINE P. NELSON

**OPINION**

**REPORT AND RECOMMENDATION**

This matter is before the court on the defendant's Motion to Dismiss (doc. 46). The motion has been referred to the undersigned for entry of a Report and Recommendation pursuant to *28 U.S.C. § 636* and *Local Rule 72.2*. Upon review of the motion and all related filings (docs. 52, 57), the undersigned RECOMMENDS that plaintiffs' claim for rescission under [*2] the three-year alternative period provided under TILA be DISMISSED with prejudice, and that plaintiffs' claims for misrepresentation of the finance charge and civil damages be DISMISSED without prejudice.

Background

Plaintiffs, Aaron and Kaynatice Ward ("The Wards"), Joey and Tina Resmondo ("The Resmondos") and Pauline Lampkin ("Lampkin") [1], all residents of Alabama, bring this action against Lime Financial Services, Ltd. ("Lime") alleging violations of the federal Truth in Lending Act, *15 U.S.C. §§ 1601 et seq.* ("TILA"), arising out of loan transactions in which they refinanced their respective home mortgages with Lime. The Wards refinanced in 2005, Lampkin in 2006, and the Resmondos in 2007. The action was originally filed in

the District Court for the District of Oregon, of which state defendant is a citizen. The action was transferred to this district by order (doc. 40) dated January 15, 2009.

> 1    The complaint also contains class action allegations, which have not yet been considered by the court.

In their complaint, Plaintiffs claim that defendant, through its agents, left blank certain items on each of their Notice of Right to Cancel forms, including the ending dates for the statutory [*3] three-day right of rescission. [2] However, the forms did state clearly that each of the loans were subject to a right of rescission, at no cost to the borrowers, within three business days of one of three specified events, the applicable one of which appears to have been the loan closing itself, at which plaintiffs received the notice. [3]

> 2    Though not stated in the Complaint, it also appears that one or more of the plaintiffs received forms which did not expressly identify the beginning date of the three-day period. For purposes of the instant motion, the court will presume that to be true in each of the three loans.
> 3    In their response, plaintiffs also assert that, on the Notice of Right to Cancel, defendant did not properly identify that form as related to the particular loan transaction, because it did not give the date of the transaction. This theory does not appear in the complaint. Regardless, though Treasury Regulation Z allows the lender to identify the Notice as relating to a specific loan by use of the transaction date, Official Staff Commentary § 226.23(b)(3), it does not require that the Notice be identified in any particular way. See Federal Reserve Board Official Staff Commentary [*4] to § 226.23(b)(3). Thus, presuming that this argument does not come too late, the inclusion of the loan number and borrower's name on the form nonetheless was adequate to satisfy this requirement.

Plaintiffs also allege that Lime understated the finance charge in each of their forms. In their Response, plaintiffs acknowledge that their allegations on this claim are inadequate, but state their intent to file an Amended Complaint "promptly". On that basis, they ask the court not to dismiss this claim. However, in nearly two months since filing their Response, plaintiffs have not filed a Motion for Leave to Amend [4], and thus have not

demonstrated that such an amendment would be appropriate and non-prejudicial, or that it would not be futile as to one or more of the plaintiffs. [5] The court will not act on the basis of a passing reference in a brief on another matter, and will not approve such a remedy summarily without the necessary showing. Rather, the undersigned enters her recommendation on the basis of the motions before the court.

> 4    Defendant has filed an Answer (doc. 10) in this action; plaintiffs therefor require leave of court to amend their pleadings. See Fed.R.Civ.P. 15(a).
> 5    Plaintiffs [*5] also mention their intent to amend the complaint to state additional facts concerning their equitable tolling argument on the three-year rescission period. Given the undersigned's recommended disposition concerning the applicability of that period, tolling issues are irrelevant to this recommendation.

Legal Standard

Motion to Dismiss.

Prior to Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a court could only dismiss a complaint "if it was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). This language as it relates to the Rule 12(b)(6) standard was expressly rejected in Twombly wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of an initial pleading such as is in issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). [*6] While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level.

*550 U.S. at 555.* The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *550 U.S. at 570.* The Supreme Court recently reinforced the Twombly standard in *Ashcroft v. Iqbal,    U.S.    , 129 S.Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009).* The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'." *Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 557. See also, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)*("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint [*7] must allege facts suggestive of [the proscribed] conduct'."), *quoting Twombly, 550 U.S. at 553, n. 8. See also, Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 2009 WL 2431463 (11th Cir. 2009)*("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss *[citing Iqbal, 129 S.Ct. at 1949]* [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" *[quoting Twombly, 550 U.S. at 570]*").

It is also important to note that "[a] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *McTernan v. City of York, Pennsylvania, 564 F.3d 636, 646 (3rd Cir. 2009), quoting, Phillips, 515 F.3d at 231,* in turn *quoting, Twombly, 550 U.S. at 553, n. 8.* The Supreme Court's Twombly formulation of the pleading standard "'does not impose a probability requirement at the pleading stage,'" but instead "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the necessary element." Id., *quoting Phillips, at 234,* in turn *quoting, Twombly, at 556.*

A statute of limitations defense is generally not appropriate [*8] for evaluation on a Motion to Dismiss filed pursuant *Rule 12(b)(6), Fed.R.Civ.P.,* inasmuch as the statute of limitations is an affirmative defense around which plaintiffs are not required to plead in their complaint. As a result, "a *Rule 12(b)(6)* dismissal on

statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir.2004)* (citations omitted). [6]

> 6   *See also Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n. 13 (11th Cir.2005)* ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.") (citation omitted); *Hollander v. Brown, 457 F.3d 688, 691 n. 1 (7th Cir.2006)* ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense," and *Rule 12(b)(6)* dismissal on limitations grounds is appropriate only if plaintiff "effectively pleads herself out of court by alleging facts that are sufficient to establish the defense").

## TILA [*9] Rescission

The Treasury Department has enacted Regulation Z, *12 C.F.R. § 226.8 et seq.,* concerning TILA compliance. That regulation provides *inter alia* more detailed requirements for the disclosures lenders are required to make. Ordinarily, a borrower's TILA rescission rights extend only "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." *15 U.S.C. § 1635(a).*

*Section 1635(a) of title 15, United States Code,* provides

> Except as otherwise provided in this section, in the case of any consumer credit transaction...in which a security interest...is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a

statement containing the material disclosures [*10] required under this subchapter, whichever is later, ... . The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

*15 U.S.C. § 1635(a)* (emphasis added).

Where the lender violates TILA disclosure rules, the rescission period is extended to three years. *See Smith v. Highland Bank, 108 F.3d 1325, 1326 (11th Cir.1997)* (holding that, if creditor neglects to comply with § 1635(a) disclosure requirements, "the debtor's right to rescind is extended for up to three years after the transaction is complete"). In such situations,

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, ... .

*15 U.S.C. § 1635(f).*

Regulation [*11] Z expressly provides that the date of the expiration of the three-day rescission period should be clearly stated in the Notice of Right to Cancel.

The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i)The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires.

*12 C.F.R. § 226.23(b).*

"TILA does not require perfect notice; rather it requires a clear and conspicuous notice of recision rights." *Veale v. Citibank, F.S.B., 85 F.3d 577, 580 (11th Cir. 1996); see Smith v. Highland Bank, 108 F.3d 1325, 1326 (11th Cir. 1997).* "Unlike the general civil liability section of the Truth-in-Lending Act, 15 U.S.C. s 1640, which provides for liability for any non-disclosure, the rescission provisions under *15 U.S.C. § 1635* require that the nondisclosure be material." [7] *Bustamante v. First Federal Sav. And Loan Ass'n of San Antonio, 619 F.2d 360, 363 (5th Cir. 1980)* [*12] [8]; *Smith v. Highland Bank, 108 F.3d 1325, 1326 (11th Cir. 1997)*("If a creditor neglects to comply with these requirements, it may face civil liability under TILA, *15 U.S.C. § 1640(a)*.") With this legal framework in mind the court now turns to the grounds asserted in support of the motion to dismiss.

7   Plaintiffs allege that the Notices in all three loans at issue in this case lacked specific closing dates, and allege further that this was a standard practice of defendant to minimize the chance of losing a customer. They include a similar class allegation. It is a somewhat troubling corollary of the "materiality" requirement that, if such a wide-spread intentional violation of the regulations is occurring, it does not give rise to enforcement by extension of the rescission period. However, the possibility of civil liability, not tied to the materiality of the violation, may provide a enforcement mechanism adequate to address such violations. The rescission provision may have been considered too harsh an outcome for minor violations.

8   In *Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)*, the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent [*13] all decisions of the former Fifth Circuit handed down prior to

2009 U.S. Dist. LEXIS 98619, *13

October 1, 1981.

Analysis

*Rescission Claim*

Plaintiffs allege, in sum, that defendant, through its agents, left blank certain items on each of their Notice of Right to Cancel forms, including the ending dates for the statutory three-day right of rescission. In opposition to the motion, defendant relies, in part on *McMillian v. AMC Mortgage Services, Inc., 560 F. Supp. 2d 1210 (S.D. Ala. 2008)*. In McMillan the plaintiffs alleged a violation of TILA's disclosure requirements for failure to fill in the date blanks on the Notice of Right to Cancel forms where the specific day for the running of the rescission deadlines was supposed to be entered. *Id. at 1217-18*. The Court held that this was not a "material" violation of TILA, sufficient to trigger the three-year alternative rescission period set forth in *15 U.S.C. § 1635(f)*. The Court stated that "[a]lthough the Notice of Right to Cancel did not specify a date certain for cancellation, this Court is of the opinion that no reasonably attentive consumer reading that Notice could have failed to appreciate the existence and running of the three-day rescission period." *Id., at 1219-20*.

Plaintiffs [*14] herein seek to counter the McMillian decision in two ways: (1) distinguishing McMillian because only one blank was not completed on the Notice of Right to Cancel, while there are two in this case 9; and (2) by arguing that McMillian was wrongly decided. The undersigned finds neither argument sufficient to prevent dismissal of plaintiffs' claims in this action.

> 9   Plaintiffs state in their Response that McMillian did not involve blanks for both the beginning and ending date of the three-day rescission period. To the contrary, the opinion in *McMillian, at 1218*, states "Plaintiffs readily admit that they received these documents, but contend that the Notice was inadequate under TILA, inasmuch as two boxes on this Notice, one indicating the document signing date and the other indicating the final date to cancel, were allegedly left blank."

Plaintiffs' primary argument is that prior precedent, such as *Smith v. Highland Bank, 108 F.3d 1325, 1327 n.4 (11th Cir. 1997)*, which held that the courts were not to construe TILA in a "hypertechnical" way, should be read

to apply only to those details of the disclosures which were not expressly established by specific regulation; the corollary was that [*15] defendant's claims were not subject to the "clear and conspicuous" standard because there was a specific regulation which provided that such forms were to be filled out completely 10, including the date on which the 3-day period was to run. In McMillian, the court implicitly rejected such a distinction, holding that failure to include the ending date on the Notice of Right to Cancel was not a material breach of TILA, and thus did not trigger the application of the three-year rescission period.

> 10   *12 C.F.R. § 226.23(b)*.

The undersigned has reviewed the authorities cited by the parties, and considered carefully the analysis of the court in McMillian. The undersigned finds that *McMillian* correctly stated the law applicable in this Circuit. Indeed, in light of the general holdings of the Eleventh Circuit in *Veale* and *Highland Bank, supra,* the undersigned is bound to construe the notification requirements of TILA for rescission, not as requiring a hyper-technical satisfaction of every jot and tittle of the statute and the regulations, but as requiring "a clear and conspicuous notice of recision rights." *Veale at 580*.

Having determined the standard to be applied, the undersigned recommends that [*16] the court find the notices of rescission rights in this case to be sufficiently clear and conspicuous. The notices at issue, on a separate page signed by the borrowers, state clearly that the borrower has a legal right to cancel the transaction, without cost, within three business days from the latest of (a) the date of the transaction, (b) the date they received their TIL disclosures, or (c) the date they received their notice of their right to cancel. (See exhibits to Doc. 46). Although the Notices do not state the date of the transaction, the borrowers dated the forms when they signed them. Thus, it is a simple matter for a reasonable borrower to calculate the date by which they were required to exercise their rescission rights from the information provided. 11 *See Melfi v. WMC Mortgage Corp., 568 F.3d 309, (1st Cir. 2009)* ("[T]here is no evidence in TILA or any Board regulation that either Congress or the Board intended to render the form a nullity because of an uncompleted blank in the form or similar flaw where, as here, it could not possibly have caused Melfi to think that he had months in order to rescind. The central purpose of the disclosure-the short

notice period for rescission [*17] at will-was plain despite the blanks.")

> 11  Nor do the plaintiffs claim that they were subjectively confused or mislead by the disclosures; indeed, it appears from the record that they did not attempt to exercise their rescission rights for several years following the making of the loans. Regardless, the analysis applied in this Circuit calls for an objective determination rather than a subjective one.

Because the Notice of Right to Cancel used by defendants in the loans at issue were clear and conspicuous, despite the lack of an express statement of the rescission deadline, plaintiffs are not entitled to the three-year rescission period. The undersigned RECOMMENDS that the court dismiss plaintiffs rescission claims for failure to state a claim upon which relief may be granted.

*Misrepresentation of Finance Charge*

Plaintiffs acknowledge that their allegations in support of their claim that the defendant understated the finance charges in their TIL disclosures are inadequate. The undersigned agrees. Though plaintiffs have expressed their intention to amend their pleadings to correct this situation, they have not yet done so. The undersigned RECOMMENDS that the court Dismiss their claim without [*18] prejudice; such an action would allow them to restate those claims without leaving this action open on the court's docket for an indeterminate period, on the chance that they might be able to allege a non-futile amendment despite the statute of limitations arguments that have taken on greater strength in light of the determination that the three-day, rather than the three-year, rescission period applies to these loans.

*Civil Liability*

Defendant asserts that plaintiffs' claims for civil damages arising from the alleged errors in the TIL disclosures are due to be denied, on the grounds of the running of the applicable one-year limitations period. See *15 U.S.C. § 1640(e)*; *see also McMillian, 560 F. Supp. 2d at 1221*. Plaintiffs counter that the limitations period regarding their claims are subject to equitable tolling. All of their arguments to that end rely on a finding that the three-year rescission period applied to their claims; as the undersigned has recommended that provision be held

inapplicable, it further appears that plaintiffs' damages claims are time barred. Alternatively, the Response may be read to indicate that the damages claim is for injuries related to the failure to accept [*19] plaintiffs' attempted rescission, which the undersigned has recommended by found untimely; if so, this claim must also fail.

However, as the nature of plaintiffs' damage claim is unclear, and as the Response also contains a passing reference to amendment of that aspect of the complaint, the undersigned RECOMMENDS that this claim be DISMISSED without prejudice.

Conclusion

For the foregoing reasons, the undersigned RECOMMENDS that plaintiffs' claim for rescission under the three-year alternative period provided under TILA be DISMISSED with prejudice, and that plaintiffs' claims for misrepresentation of the finance charge and civil damages be DISMISSED without prejudice.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this 5th day of October, 2009.

/s/ Katherine P. Nelson

KATHERINE P. NELSON

UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection.** Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with [*20] the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See *28 U.S.C. § 636(b)(1)(C)*; *Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988)*; *Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)*(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA *LR 72.4* (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by *28 U.S.C. § 636(b)(1)(A)*, by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be [*21] reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded).** Pursuant to *28 U.S.C. § 1915* and *Fed.R.Civ.P. 72(b)*, the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

# EXHIBIT B

The Law Offices of

# Earl P. Underwood, Jr.

MAR 25 2010

Earl P. Underwood, Jr.
James D. Patterson

March 22, 2010

DIGIMAIL    MAR 26 2010

**Via U.S. First Class Certified Mail to:**
Lime Financial Services, Ltd.
5885 SW Meadows Rd., Ste. 600
Lake Oswego OR 97035

Select Portfolio Servicing
Attn: Payoff Dept
P.O. Box 551170
Jacksonville, FL 32255-1170

## NOTICE OF CANCELLATION OF LOAN
## AND QUALIFIED WRITTEN REQUEST

**Re: Notice of Cancellation**
**Loan Number: 50068634**
**Closing dates: April 25, 2007**
**Borrower Name: Eddison T. Walters**

I represent the above borrower by authorization of a written attorney-client contract.

Pursuant to the Federal Truth in Lending Act, 15 U.S.C. Section 1635 and Section 1640 (TILA), and Regulation Z Section 226.23 (Reg. Z), the above borrower has the right to cancel this loan, and does hereby cancel it, effective immediately. Further, the borrower demands that Lime Financial Services, Ltd.("Lime") comply with its obligation to respond and repay monies within 20 days acknowledging or disputing this cancellation notice. Should Lime ignore this rescission notice, it will become liable to the borrower for actual and statutory damages pursuant to 15 U.S.C. Section 1640(a). In the absence of a proper cancellation response and proper refund within 20 days, suit will be filed without further notice.

This rescission voids the security interest held by you and is effective immediately regardless of any response to this notice. In addition, the promissory note is also voided since it is part of the transaction and the borrower has no obligation to pay any finance or other charge in connection with this transaction as these charges are canceled by operation of law

Walters Notice of Cancellation
Page 2 of 3
March 22, 2010

## LIME'S FAILURE TO STATE THE DATE
## THE RESCISSION PERIOD EXPIRED

The borrower was not given proper notice of the right to cancel. Notice of the right to rescind must specify "conspicuously…the date the rescission period expires. " 12 C.F.R. § 226.23(b)(5).  The Notice of Right to Cancel form provided at the closing (Enclosure #1) contained no date at all, and thus the cancellation notices were not "Properly completed" under 15 U.S.C. § 1635(h). Because Lime failed to properly advise the borrower of the right to cancel three business days before the "cooling off" period expires, the borrower retains the right to  cancel for three years after settlement.12 C.F.R. § 226.23(a)(3). See *Semar v, Platte Valley Fed Sav & Loan Assn*, 791 F.2n 699, 701-702 (9th Cir. 1986)(holding that when lenders omit expiration date on notice rescission period expands to three years under TILA.)

## QUALIFIED WRITTEN REQUEST

Please treat this letter as a **"qualified written request"** under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e).  This request is made on behalf of my client, Eddison Walters. Specifically, 1 am requesting a breakdown of the following information:

1.    The identity and mailing address of the holder or owner of the loan.

2.    The monthly principal and interest payment, and monthly escrow payment from the funding of the loan to the present.

3.    The total amount, separately listed and identified for any unpaid principal, interest, escrow charges, and other charges due and owing as of today's date.

4.    The total amount paid on the mortgage account as of the date of this request.

5.    For each payment received from the loan's funding to present, indicate the amount of the payment, the date received, the date posted to the account, how the payment was applied or credited (indicating the portion, if any, applied or credited to principal, interest, escrow, suspense or other treatment), and the month to which the payment was applied. If interest is calculated using a daily accrual accounting method, indicate for each payment the number of days that lapsed from the prior payment application date.

Walters Notice of Cancellation
Page 3 of 3
March 22, 2010

      6.     The amount, payment, date, purpose, and recipient of all foreclosure expenses, late charges, NSF check charges, appraisal fees, property inspection/preservation fees, force placed insurance charges, legal fees, bankruptcy/proof of claim fees, recoverable corporate advances, and other expenses or costs that have been charged and/or assessed to the Walters mortgage account from the funding of the loan to the present.

      7.     The amount, payment date, purpose, and recipient of all escrow account items including, but not limited to, taxes, water and sewer charges, and insurance premiums, charged and/or assessed to the Walters mortgage from the funding of the loan to the present.

      8.     A breakdown of the current escrow account payment showing how it was calculated and the reasons for any increase or decrease in the months prior to today's date. Indicate the date when the last escrow account analysis was conducted on the mortgage account.

      9.     The balance in the escrow account as of today.

      10.     The balance in any suspense account as of today and the reason why such funds were deposited in said account.

      11.     The current interest rate on the mortgage account.

      Finally, if you are not the current holder of the note and mortgage relating to this mortgage account, please provide the name and address of said holder and indicate your relationship to this entity

      Thank you for taking the time to acknowledge and answer this request as required by the Real Estate Settlement Procedures Act § 2605 (e).

**<u>SUIT WILL BE FILED WITHOUT FURTHER NOTICE</u>**
**<u>IF NO RESPONSE IS RECEIVED WITHIN 20 CALENDAR DAYS.</u>**

Sincerely,

Earl P. Underwood, Jr.

EPUjr/dcl

# NOTICE OF RIGHT TO CANCEL

WALTERS
Loan #: 50068634
MIN: 100206411111796947

Borrowers:     EDDISON T WALTERS

## YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a security interest in your home. You have a legal right under federal law to cancel this transaction, without cost, within three (3) business days from whichever of the following events occurs last:

(1)   the date of the transaction, which is _____; or
(2)   the date you received your Truth-in-Lending disclosures; or
(3)   the date you received this notice of your right to cancel.

If you cancel the transaction, the security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the security interest in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing at:

LIME FINANCIAL SERVICES, LTD.
5885 SW MEADOWS ROAD, STE 600
LAKE OSWEGO, OR 97035

You may use any written statement that is signed and dated by you and states your intention to cancel or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights. If you cancel by mail or telegram, you must send the notice no later than midnight of _____ (or midnight of the third business day* following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____          Date: _____

## RECEIPT OF NOTICE OF RIGHT TO CANCEL

Each of the undersigned have now received two **Notice of Right to Cancel** forms. The above real estate loan cannot be funded until three (3) business days* have elapsed since the date of this acknowledgement of receipt of the **Notice of Right to Cancel.**

*Business days include all days except Sundays, New Year's Day, Martin Luther King Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, and Christmas Day.

_____          APR 2 5 2007
- BORROWER - EDDISON T WALTERS - DATE -

# EXHIBIT C

ARTICLES OF INCORPORATION

OF

ABX MORTGAGE COMPANY, INC.

1999  1654
Filed in the Above
INCORPORATION Book & Page
05-14-1999 04:16:56 PM
W. Hardy McCollum - Probate Judge
Tuscaloosa County, Alabama

The undersigned, EDDISON WALTERS, desires to become a body corporate for the purpose of carrying on a lawful business pursuant to the laws of the State of Alabama relating to corporations, and for that purpose does make, sign and file the following Articles of Incorporation under the provisions of the "Alabama Business Corporation Act", as last amended.

### ARTICLE I

The Corporation's name shall be ABX MORTGAGE COMPANY, INC.

### ARTICLE II

The nature of the business and the object and purposes to be transacted, promoted or carried on by the Corporation are to do any or all of the things herein mentioned as fully, and to the same extent, as natural persons might, or could do, in any part of the world, viz:

A.  To engage in the business of originating, purchasing, acquiring, owning, selling, transferring and servicing promissory notes secured by mortgages and other debt instruments, and to act as a broker or agent for others engaged in a similar business.

B.  To borrow money and for the purpose of carrying on the business of this Corporation, to lease, buy, sell, convey, rent, and mortgage or pledge both real and personal property as the same shall be necessary or incidental to the carrying on of said business, and generally to do all things that may be necessary or incidental to the carrying on of said business.

C.  To make, accept, endorse, execute, and issue promissory notes, bills of exchange, bonds, debentures, or other obligations from time to time for the purchase of property or for any purpose in or about the business of the company, subject to the limitations and restrictions imposed by law.

D.   To engage in the transaction of any or all lawful business for which corporations may be incorporated under the Laws of Alabama.

The foregoing clauses shall be construed as powers, as well as object and purposes, and the matters expressed in each clause shall, except as otherwise expressly provided, be in no wise limited by reference to or inference from the terms of any other clause, which shall be regarded as independent objects, purposes and powers; and the enumeration of specific objects, purposes and powers shall not be construed to limit or restrict in any manner, the meaning of general terms of the powers of the Corporation now or hereafter conferred by law, nor shall the expression of one thing be deemed to exclude another not expressed, although it be of like nature.

ARTICLE III

The address of the initial registered office of the Corporation in the State of Alabama is:

606 FLINT RIDGE ROAD, TUSCALOOSA, AL 35406

The name of the initial registered agent at such address is:

EDDISON WALTERS

The Corporation shall have the right, however, to establish offices and to transact its business in any part, and in different parts, of the State of Alabama, and in any and all states, territories, districts, colonies and dependencies of the United States of America, and in any or all foreign countries, as it may desire.

1999   1655
Filed in the Above
INCORPORATION   Book & Page
05-14-1999 04:16:56 PM

## ARTICLE IV

The amount of the total authorized stock of the Corporation is one thousand (1,000) shares at a par value of One Dollar ($1.00) per share, or a total capital of $1,000.00. All shares are of one class, common.

## ARTICLE V

The names and addresses of the incorporator is as follows:

Name                    Address

EDDISON WALTERS          606 FLINT RIDGE ROAD, TUSCALOOSA, AL 35406

The Corporation shall be managed by the aforesaid Incorporator, who is the sole owner hereof.

## ARTICLE VI

The duration of the Corporation shall be perpetual.

## ARTICLE VII

The Corporation reserves the right to amend, alter, change or repeal any provision contained in these Articles of Incorporation in the manner now or hereafter prescribed by statute, and all rights conferred upon stockholders herein are granted subject to this reservation.

## ARTICLE VIII

In order to facilitate the carrying out of the primary function of this Corporation, any deed, mortgage, note, contract, or ay other instrument in writing signed by Eddison Walters shall be the valid act of the corporation and shall not require further or additional approval.

**1999   1656**
Filed in the Above
INCORPORATION Book & Page
05-14-1999 04:16:56 PM

IN TESTIMONY AND WITNESS WHEREOF, the said incorporator has hereunto set his hand and seal this /4/ day of May, 1999.

EDDSION WALTERS

STATE OF ALABAMA          )

COUNTY OF MADISON         )

I, the undersigned Notary Public in and for said County and State, hereby certify that the foregoing named incorporator, Eddison Walters, appeared before me, and being first duly sworn, deposed and said that the matters contained in the foregoing document are true to the best of his knowledge, information and belief.

Dated this /4/ day of May, 1999.

Notary Public

```
1999   1657
Filed in the Above
INCORPORATION  Book & Page
05-14-1999 04:16:56 PM
W. Hardy McCollum - Probate Judge
Tuscaloosa County, Alabama
Book/Pg: 1999/1654
Term/Cashier: SGWA2 / dawn
Tran: 1194.61027.115091
Recorded: 05-14-1999 16:17:41
INC Incorporations              35.
PTF Probate Judge Fee            1.
Total Fees:  $ 37.00
```



# STATE OF ALABAMA

STATE BANKING DEPARTMENT
BUREAU OF LOANS
MONTGOMERY, ALABAMA

CONTROL NO. 2715

LICENSE NO. ___ BB200

# MORTGAGE BROKERS LICENSE

THIS IS TO CERTIFY THAT

ABX MORTGAGE COMPANY INC

11260 MT LAUREL DRIVE

NORTHPORT, AL 35475

(DOING BUSINESS AS, IF DIFFERENT)

has been granted a license to engage in the business of brokering mortgage loans pursuant to Act 2001-692, cited as the Mortgage Brokers Licensing Act, Commencing January 1, 2005, and ending December 31, 20 05.

This license shall be posted conspicuously in the place of business of the licensee and shall not be assignable or transferable or removed to another location without having first given 15 days written notice to the Supervisor.

ISSUE DATE 01/21/05

| LICENSE FEE | INVESTIGATION FEE | PENALTY FEE | TOTAL FEES |
|---|---|---|---|
| $500.00 | | | $500.00 |

SUPERVISOR, BUREAU OF LOANS