# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **EDDISON WALTERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CV NO. 7:10-cv-01148-SLB |
| | ) |
| **LIME FINANCIAL SERVICES, LTD,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendant Lime Financial Services, Ltd. ("Lime" or "Defendant") submits this reply brief in support of its motion to dismiss Plaintiff's claims in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

Plaintiff's opposition brief is nothing more than a rehash of the arguments that were fully addressed and summarily rejected by the Southern District of Alabama in *Ward v. Lime Financial Services, Ltd.*, 2009 U.S. Dist. Lexis 98619 (S.D. Ala. Oct. 5, 2009) ("*Ward*"). Nothing in Plaintiff's opposition changes the fact that the Notice of Right to Cancel[1] that he allegedly received at closing

---

[1] Plaintiff signed a receipt indicating that he received two (2) notice of right to cancel forms. See Compl, ¶ 15 and March 22, 2010 letter referenced therein, a copy of which is attached as Exhibit B to Motion to Dismiss. Lime refers to the notices herein collectively as the "Notice."

"clearly and conspicuously" disclosed his rescission rights to him. As such, the Notice complied fully with the Truth-In-Lending Act ("TILA"), its implementing regulations (Regulation Z), and binding Eleventh Circuit authority. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

## ARGUMENT

### The Notice Fully Complied with TILA and Regulation Z

Plaintiff apparently takes the position that the Eleventh Circuit's decisions in *Veale v. Citibank, F.S.B.*, 85 F.3d 577 (11th Cir. 1996) ("*Veale*") and *Smith v. Highland Bank*, 108 F.3d 1325, 1326 (11th Cir. 1997) ("*Highland Bank*"), both of which hold that courts should not adopt a hypertechnical reading of TILA, were somehow displaced by a "new" Official Staff Commentary to 12 C.F.R. § 226.23(b)(1). (*See* Plaintiff's Opposition, p. 3). Specifically, Plaintiff contends that, because the Official Staff Commentary ("Commentary") provides that the notice "must" include all of the information outlined in Section 226.23(b), TILA now requires perfect, rather than "clear and conspicuous", disclosure. This argument is nonsensical and contrary to controlling law.

TILA and Regulation Z provide that the deadline for the Plaintiff to exercise his right to rescind – *i.e*, three business days from the last of the closing, the receipt of the required TILA disclosures, or the receipt of the notice of right to cancel – "shall be clearly and conspicuously disclose[d]" in the notice. *See* 15 U.S.C.

2

02019770.1

1635(a); 12 C.F.R. § 226.23(b)(1) (emphasis added). If the disclosure is clear and conspicuous, then it complies with Regulation Z, and that is the end of the analysis. The Commentary cited by Plaintiff simply reiterates the requirements of Regulation Z and in no way alters that the fact that, in the Eleventh Circuit, TILA's "clear and conspicuous" standard is less demanding than the requirement of perfect notice.[2]

The Notice allegedly received by Plaintiff at closing clearly and conspicuously disclosed his rescission rights, as the Notice specifically stated that Plaintiff had three business days from the last of three possible dates – the date his loan was completed, the date he received his TILA disclosures, and the date he received his Notice – to rescind the loan. (*See* Exhibit B to Motion to Dismiss). The mere fact that the date of the closing that Plaintiff attended – and thus could easily determine – and the third business day following the closing were left blank on the Notice is irrelevant because, consistent with Eleventh Circuit's binding decisions in *Veale* and *Highland Bank*, the Notice "clearly and conspicuously" informed Plaintiff of his deadline to rescind. *See Ward*, 2009 U.S. Dist. Lexis

---

[2] The Regulation itself states that the Notice "shall" clearly and conspicuously disclose the required information. 12 C.F.R. § 226.23(b). The commentary simply reiterates that the notice "must" disclose the information outlined in Section 226.23(b). In other words, the commentary does not alter the fact that a notice complies with Section 226.23(b) if it "clearly and conspicuously" informs the consumer of his or her right to cancel. Plaintiff has failed to cite to *any* case law to support a contrary interpretation.

3

02019770.1

98619 at *13 ("[I]n light of the general holdings of the Eleventh Circuit in *Veale* and *Highland Bank*, the undersigned is bound to construe the notification requirements of TILA for rescission, not as requiring a hyper-technical satisfaction of every jot and tittle of the statute and regulations, but as requiring "a clear and conspicuous notice of rescision [sic] rights."). *See also Melfi v. WMC Mort. Corp.*, 568 F.3d 309, 312-313 (1st Cir. 2009) (holding that omitted dates in a right to rescind disclosure did not mislead the plaintiff when "the date that [the plaintiff] closed on the loan can hardly have been unknown to him," "it is easy enough to count three days" from the date the disclosure was received, and the plaintiff admitted that he received the disclosure on the date of closing), *cert. denied* 130 S. Ct. 1058 (2010).

## **CONCLUSION**

The bottom line is that, while the Notice contained "blanks" for certain dates, no ordinary consumer could have failed to appreciate the running of the three-day rescission period. Indeed, all Plaintiff (a mortgage broker) had to do was count three business days from April 25, 2007 – the date of his closing and the date he acknowledged receipt of the Notice. Accordingly, and for the reasons set forth in its initial motion, Lime respectfully request that this Court enter an Order dismissing Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

/s John David Collins
John David Collins

Attorney for Defendant
Lime Financial Services, Ltd.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

### CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James D. Patterson, Esq.
Kenneth J. Riemer, Esq.
Earl P. Underwood, Jr., Esq.
Attorneys for Plaintiff
166 Government Street, Suite 100
Mobile, Alabama  36602

/s John David Collins
OF COUNSEL

5

02019770.1