FILED

2010 Sep-17  AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **EDDISON WALTERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CV NO. 7:10-cv-01148-SLB** |
| | ) |
| **LIME FINANCIAL SERVICES, LTD,** | ) |
| | ) |
| **Defendant.** | ) |

### REPORT OF PARTIES' PLANNING MEETING

1.      Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **September 14, 2010** and was attended by Earl P. Underwood, Jr. on behalf of Plaintiff Eddison Walters ("Plaintiff") and John David Collins on behalf of Defendant Lime Financial Services, Ltd.

2.      **Pre-discovery Disclosures**. The parties will exchange the information required by Local Rule 26.1 (a)(1) on or before **October 15, 2010**.

3.      **Electronically Stored Information**: The parties do not reasonably anticipate that discovery of electronically stored information will be available and/or sought in this case. Disclosure or discovery of any such information will be handled in accordance with the Federal Rules of Civil Procedure.

4.      **General Claims/Defenses**. The general claims and defenses of the parties are as follows:

          a.      Plaintiff seeks to rescind an April 25, 2007 residential real estate mortgage loan based upon Defendant's failure to provide adequate notice of the right to cancel the transaction pursuant to 15 U.S.C. § 1601, et. seq. ("TILA").

b.      Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that, even though certain "blanks" for dates on the notice of right to cancel were allegedly not filled in, the notice nevertheless provided the requisite "clear and conspicuous notice" Plaintiff's rescission rights as required by TILA and its implementing regulations.

5.      **Discovery Plan**:

a.      Discovery will be needed on the following subjects:

(i.)    All factual allegations and claims made by Plaintiff in his Complaint;

(ii.)   All damages claimed by Plaintiff in this matter; and

(iii.)  All defenses raised by Defendant in this matter.

b.      All discovery commenced in time to be completed by **June 1, 2011.**

c.      Maximum of **30** interrogatories by each party to any other party without prior approval of the Court. Maximum of **30** requests for production by each party to any other party without prior approval of the Court.  (Responses due **30** days after service).

d.      Maximum of **5** depositions by Plaintiff and **5** by Defendant without prior approval of the Court.

e.      Reports from retained experts under Rule 26(a)(2) due:

(i.)    from **Plaintiff** by **February 15, 2011**;

(ii.)   from **Defendant** by **March 15, 2011**.

f.      Supplementation under Rule 26(e) due no later than **30** days before the close of discovery.

6.      **Other items.**

a.      The parties do not request a conference with the Court prior to entry of the Scheduling Order.

02030400.1

b.        The parties should be allowed until **November 15, 2010** to join additional parties and to amend the pleadings, and until **December 15, 2010** to respond to any above-mentioned amendments.

c.        All potentially dispositive motions should be filed by **July 15, 2011**.

d.        The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

e.        The Parties request a final pretrial conference in or after **August 2011**.

f.        Final lists of trial evidence under Rule 26(a)(3) should be due pursuant to the terms of the pretrial order.

g.        Parties should have **14** days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

h.        This matter should ready for trial in **September 2011** and the trial is expected to take approximately **1-2 days**.

Respectfully Submitted:       September 17th, 2010

s/ Earl P. Underwood, Jr. (w/ permission)
Earl P. Underwood, Jr.
One of the Attorneys for Plaintiff

OF COUNSEL:
UNDERWOOD AND REIMER, P.C.
166 Government Street, Suite 100
Mobile, Alabama  36602
Ph:  251 432-9212
Fax: 251 433-7172

3
02030400.1

s/ John David Collins
Attorney for Defendants Principal Financial
Advisors, Inc., Principal Life Insurance
Company, and Principal Financial Group,
Inc.

OF COUNSEL:
**MAYNARD, COOPER & GALE, P.C.**
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2602
Ph: (205) 254-1000
Fax: (205) 254-1999