FILED
2011 Mar-30 PM 03:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **EDDISON WALTERS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **vs.** | } | **CASE NO. 7:10-cv-01148-SLB** |
| | } | |
| **LIME FINANCIAL SERVICES, LTD,** | } | |
| | } | |
| **Defendant.** | } | |
| | } | |
| | } | |

## MEMORANDUM OPINION

This case is currently before the court on defendant Lime Financial Services, Ltd.'s Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 7).[1] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the Defendant's Motion to Dismiss Complaint, (*id.*), is due to be granted.

## I. MOTION TO DISMISS STANDARD

First, under Fed. R. Civ. P. 12(b)(6), a party may move the court to dismiss a case based on a failure to state a claim upon which relief can be granted. When deciding a motion to dismiss under 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citations

[1] Reference to a document number, ("Doc. ___"), refers to the number assigned to each document as it is filed in the court's record.

omitted); *see also Rivell v. Private Healthcare Systems, Inc.*, 520 F.3d 1308, 1309 (11th 2008).

> The allegations in the complaint are taken as true and construed in the light most favorable to the plaintiffs. [*Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir.2002).]  However, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir.2007).  "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, 127 S. Ct. at 1965).  This rule does not "impose a probability requirement at the pleading stage." *Twombly*, 127 S. Ct. at 1965.  Instead, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element.  *Id*.  "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Watts*, 495 F.3d at 1296 (quoting *Twombly*, 127 S. Ct. at 1965).

*Rivell*, 520 F.3d at 1309-10.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 1338 (M.D. Ala. 2001) (quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)).  However, taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)(citations omitted).  A court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

Second, a statute of limitations defense is generally not appropriate for evaluation on a Motion to Dismiss filed pursuant to 12(b)(6), in as much as the statute of limitations is an affirmative defense around which plaintiffs are not required to plead in their complaint. As a result, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Securities, Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (citations and quotations omitted); *see Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 n. 13 (11th Cir. 2005)("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.")(citations and quotations omitted).

## II. FACTUAL AND PROCEDURAL HISTORY

On April 25, 2007, Plaintiff Eddison Walters obtained a "residential real estate mortgage loan" with defendant in the "total amount of $700,000.00" and "secured by a mortgage security interest" in plaintiff's principal dwelling (the "Loan Transaction").[2] (*Id.* ¶ 13.) Pursuant to the Loan Transaction, plaintiff received a "NOTICE OF RIGHT TO CANCEL" form (the "Notice"), (doc. 7 at 24), on April 25, 2007, the day the Loan Transaction was consummated. (Doc. 1 ¶ 13; doc. 7 at 24.) Under the "YOUR RIGHT TO CANCEL" section, the Notice stated: "You have a legal right under federal law to

[2] This statement of facts is taken from plaintiff's Complaint (the "Complaint") and the documents referenced in the Complaint. (*See* doc. 1.)

cancel this transaction, without cost, within three (3) business days from whichever of the following events occurs last: (1) the date of the transaction, which is ________; (2) the date you received your Truth-In-Lending disclosures; or (3) the date you received this notice of your right to cancel."[3] (Doc. 7 at 24.) Under the "HOW TO CANCEL" section, the Notice stated: You may use any written statement that is signed and dated by you and states your intention to cancel or you may use this notice by dating and signing below. Keep one-copy of this notice because it contains important information about your rights. If you cancel by mail or telegram, you must send the notice no later than midnight of ____ __________ (or midnight of the third business day* following the latest of the three events listed above." (Doc. 7 at 24.) Neither the "the date of the transaction" under the "YOUR RIGHT TO CANCEL" section nor the ending date for the statutory three-day right of rescission under the "HOW TO CANCEL" section of the Notice were filled-in. (*See* doc. 7 at 24; doc. 1 ¶¶ 8, 14, & 20.)

[3] The Complaint alleges that plaintiff, through his attorney, provided defendant with notice of his election to rescind the Loan Transaction by letter dated March 17, 2010 (the "Cancellation Letter"). (Doc. 1 ¶ 15.) The Cancellation Letter, which is actually dated March 22, 2010, included the Notice. Defendant attached the Cancellation Letter and Notice, (doc. 7 at 21-24), to its Motion to Dismiss the Complaint. Because the Cancellation Letter and Notice are central to plaintiff's claims, the court considers both documents as part of the Complaint. *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)("Where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents as part of the pleadings for purposes of 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require the conversion of the motion into a motion for summary judgment.")(citation omitted); *Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) (citing *Brooks*, 116 F.3d at 1369) (same).

Simultaneous to his receipt of the Notice, plaintiff signed a "RECEIPT OF NOTICE OF RIGHT TO CANCEL" (the "Receipt of Notice") whereby plaintiff specifically acknowledged that: "Each of the undersigned have now received two Notice of Right to Cancel forms. The above real estate loan cannot be funded until three (3) business days* have elapsed since the date of this acknowledgment of receipt of the Notice of Right to Cancel." (Doc. 7 at 24.) The Receipt of Notice also explained how "business days" are calculated for the purposes of exercising the right of rescission.[4] (*Id.*) The Receipt of Notice, on the same line as plaintiff's signature, is dated April 25, 2007. (*Id.*)

On March 22, 2010, by way of the Cancellation Letter, plaintiff attempted to exercise his right to cancel the Loan transaction and notified defendant of his intention to cancel. (Doc. 7 at 21-24; doc. 1.) The Cancellation Letter, like the Complaint, does not dispute that plaintiff received the Notice and signed the dated Receipt of Notice, but instead asserts that the Notice was defective because defendant left blank the date of the transaction and ending date for the statutory three-day right of rescission. (Doc. 7 at 21-24; doc. 1 ¶ 14.) The Complaint alleges that defendant, since receiving the Cancellation Letter, has not taken any steps to reflect a termination of the security interest created in connection with the Loan Transaction, and that the failure to take such steps is a violation

---

[4] The Notice of Receipt provides: "*Business days include all days except Sundays, New Year's day, Martin Luther King Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, and Christmas Day." (Doc. 7 at 24.)

of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601-67(e), § 1635(b). (Doc. 1 ¶ 16.)

As a result of defendant's refusal to acknowledge the validity of the Cancellation Letter, plaintiff filed the instant action against defendant alleging violations of the TILA arising out of the Loan Transaction. (Doc. 1.) Plaintiff's sole contention, as relevant here, is that defendant left blank in the Notice the date of the transaction and the ending date for the statutory three day right of rescission and thus "failed to provide adequate notice" of his statutory right to cancel the transaction as required by TILA, its implementing regulation promulgated by the Federal Reserve Board, 12 C.F.R. §§ 226.1-226.59 ("Regulation Z"), and the Federal Reserve Board's official staff interpretation of Regulation Z, 12 C.F.R. pt. 226, Supp. I. (Doc. 1.) On that basis, plaintiff seeks statutory and actual damages, rescission, declaratory relief, return of any moneys, costs of suit, and attorney fees. (*Id.* at 5-6.) In response to the Complaint, on July 23, 2010, defendant filed a Motion to Dismiss Complaint. (Doc. 7.) Plaintiff filed a Response to Defendant's Motion to Dismiss Complaint, (doc. 9), on August 17, 2010. Defendant filed a Reply Brief in Support of Motion to Dismiss Complaint, (doc. 10), on September 7, 2010. The court held a hearing on the Motion to Dismiss Complaint on December 1, 2010. (*See* doc. 12.) The matter was thereafter deemed under submission.

## III. DISCUSSION

### A. TILA Rescission

To determine whether "adequate notice" was provided to plaintiff, the court must consult the TILA itself, 15 U.S.C. § 1635(a), and the applicable portion of Regulation Z, 12 C.F.R. § 226.23(b). *See Smith v. Highland Bank,* 915 F. Supp. 281 (N.D. Ala. 1996) ("[T]he Court must consult the statute and the applicable portion of Regulation Z promulgated by the Federal Reserve Board")(internal and external citations omitted), *aff'd* 108 F.3d 1325 (11th Cir. 1997). Under the TILA, rescission rights extend only "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." 15 U.S.C. § 1635(a).

15 U.S.C. § 1635(a) provides:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, *the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later,....* The creditor shall *clearly and conspicuously* disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

(emphasis added).

Where the lender violates the TILA disclosure rules, the rescission period is extended from three days to three years. 15 U.S.C. § 1635(f); *see Smith,* 108 F.3d at 1326 (holding that, if creditor neglects to comply with § 1635(a) disclosure requirements, "the debtor's right to rescind is extended for up to three years after the transaction is complete"). In these situations:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor....

15 U.S.C. § 1635(f).

In addition, Regulation Z provides more detailed requirements for the disclosures lenders are required to make. Regulation Z expressly provides that the date of the expiration of the three-day rescission period should be "clearly and conspicuously" stated in the Notice of Right to Cancel. Regulation Z provides, in relevant part:

> The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv) The effects of rescission, as described in paragraph (d) of this section.

      (v) The date the rescission period expires.

12 C.F.R. § 226.23(b).

In support of its motion, defendant relies on *Ward v. Lime Financial Services, Ltd.*, No. 09-00057-KD-N, 2009 WL 3425676 (S.D. Ala. 2009) and *McMillian v. AMC Mortgage Services, Inc.*, 560 F. Supp. 2d 1210 (S.D. Ala. 2008), as well as the general principles articulated in *Veale v. Citibank, F.S.B.,* 85 F.3d 577, 580 (11th Cir. 1996) and *Smith,* 108 F.3d at 1326. It is clear from *Smith* and *Veale* that a "hypertechnical" construction of the TILA is inappropriate. *See Smith*, 108 F.3d at 1327 ("[J]udging a lender's compliance with the notice provision is not mechanical; rather, a court must scrutinize the circumstances of the transaction.")(citation omitted). In *Smith*, the Eleventh Circuit concluded that "Congress would not have us adopt a hypertechnical reading of any part of TILA." *Id.* at n.4 (citations omitted); *see also Ward*, 2009 WL 3425676 at *5 ("In light of the general holdings of the Eleventh Circuit in *Veale* and *Highland Bank* . . ., the undersigned is bound to construe the notification requirements of TILA for rescission, not as requiring a hyper-technical satisfaction of every jot and tittle of the statute and regulations, but as requiring 'a clear and conspicuous notice of recision rights.'")(citation omitted). This is fully consistent with the Eleventh Circuit's position that "TILA does not require perfect notice; rather it requires a clear and conspicuous notice of recision rights." *Veale,* 85 F.3d at 580 (citation omitted). "Unlike the general civil liability section of the Truth-in-Lending Act, 15 U.S.C. s 1640, which provides for liability for any nondisclosure, the rescission provisions under 15 U.S.C. s 1635 require that the nondisclosure be

material." *Bustamente v. First Federal Sav. and Loan Ass'n of San Antonio,* 619 F.2d 360, 363 (5th Cir. 1980);[5] *see Smith,* 108 F.3d at 1326 ("If a creditor neglects to comply with these requirements, it may face civil liability under TILA, 15 U.S.C. § 1640(a) . . . .").

In *McMillian*, the Southern District of Alabama granted the defendant's motion to dismiss a similar claim to the case before the court. In *McMillian*, the plaintiffs alleged a violation of the TILA's disclosure requirements for failure to fill in the date blanks on the Notice of Right to Cancel forms where the specific day for the running of the rescission deadlines was supposed to be entered. *Id.* at 1217-21. The court held that this was not a material violation of the TILA, sufficient to trigger the three-year alternative rescission period set forth in 15 U.S.C. § 1635(f). *Id.* at 1219-21. The court concluded that "[a]lthough the Notice of Right to Cancel did not specify a date certain for cancellation, this Court is of the opinion that no reasonably attentive consumer reading that Notice could have failed to appreciate the existence and running of the three-day rescission period." *Id.* at 1219-20.

In *Ward*, the court upheld the sufficiency of a lender's Notice of Right to Cancel forms "despite the lack of an express statement of the rescission deadline." 2009 WL 3425676 at *5. The plaintiffs in *Ward* alleged that the Notices were deficient because they lacked specific ending dates for the statutory three-day right of rescission. *Id*. at *1, *4. The court, analyzing the forms under the clear and conspicuous standard, held that although the Notices failed to state

---

[5] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the exact date on which the rescission period ended, the forms were sufficient because “it is a simple matter for a reasonable borrower to calculate the date by which they were required to exercise their rescission rights from the information provided.” *Id*. at *5 (citation and footnote omitted).

Plaintiff argues that *McMillian* and *Ward* were wrongly decided and that the reliance on *Smith* and *Veale* in *McMillian* and *Ward* is misplaced because “[b]oth *Smith* and *Veale* were interpreting TILA and Regulation Z as they were prior to the 1995 Amendments.” (Doc. 9 at 2.) In 1995, Congress passed the “Truth in Lending Amendments of 1995,” Pub. L. No. 104-29 § 3, 109 Stat. 271, 272-73, to set “higher tolerance levels for what it viewed as honest mistakes in carrying out disclosure obligations” and curb “draconian” liability for relatively minor violations. *King v. Long Beach Mortgage Co.*, 672 F. Supp. 2d 238, 249 (D. Mass. 2009)(citations omitted). Plaintiff argues that the “Federal Reserve Board re-promulgated the requirements for the rescission notice in 1996, a year after those amendments,” (doc. 9 at 2-3), and that the “*Ward* and *McMillian* courts did not give proper deference to Regulation Z or the Official Staff Commentary.” (*Id.* at 4.)

The official staff interpretation “is the vehicle by which the staff of the Division of Consumer and Community Affairs of the Federal Reserve Board issues official staff interpretations of Regulation Z.” 12 C.F.R. Pt. 226, Supp. I. “The official staff interpretations of Regulation Z, unless demonstrably irrational, are binding.” *Smith*, 915 F. Supp. at 286 (quoting *Johnson v. Fleet Finance, Inc.*, 4 F.3d 946, 949 (11th Cir. 1993); *see Ford Motor Co Credit Co. v. Milhollin,* 444 U.S. 555, 565 (1980)(“[D]eference [to the Federal Reserve Board] is especially

appropriate in the process of interpreting the Truth in Lending Act and Regulation Z."). The Official Staff Commentary to 12 C.F.R. § 22623(b)(1) states: "3. Content. The notice must include all of the information outlined in Section 226.23(b)(1)(i) through (v)." 12 C.F.R. pt. 226, Supp. I at § 22623(b)(1). Although the official staff interpretation states that "[t]he notice must include all of the information," it does not state that a failure to include such information results in a "material" violation sufficient to warrant extension of the rescission period from three days to three years. This court is of the opinion that the official staff interpretation to 12 C.F.R. § 22623(b) simply reiterates the requirements of Regulation Z and in no way alters the fact that, in the Eleventh Circuit, TILA's "clear and conspicuous" standard is less demanding than the requirement of perfect notice. The official staff interpretation that plaintiff relies on is not "new," as plaintiff contends. The official staff interpretation to 12 C.F.R. § 226.23(b)(1) was in place before the TILA Amendments of 1995 and was in place when *Smith* and *Veale* were adjudicated. In fact, the operative language - "must include all of the information" - relied on by plaintiff was promulgated as early as 1984 and appeared thereafter in every version of the official staff interpretation of Regulation Z. *Compare, e.g.*, 12 C.F.R. pt. 226, Supp. I at § 226.23(b) (1984-1996)("The notice must include all of the information outlined in § 226.23(b)(1) through (5).") *with* 12 C.F.R. pt. 226, Supp. I at § 226.23(b)(1) (1997-2010)("The notice must include all of the information outlined in Section 226.23(b)(1)(i) through (v).").

      Further support for defendant's position is found in *Melfi v. WMC Mortgage Corp.*, 568 F.3d 309 (1st Cir. 2009). In *Melfi*, the United States Court of Appeals for the First Circuit considered an argument similar to that advanced by plaintiff in this case. The *Melfi* court stated:

> So the argument for allowing Melfi to extend his deadline from three days to three years depends on this premise: that any flaw or deviation should be penalized automatically in order to deter such errors in the future. If Congress had made such a determination as a matter of policy, a court would respect that determination; possibly, this would also be so if the Board had made the same determination. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Melfi argues at length that we owe such deference to the Board.
>
> The answer is that there is no evidence in TILA or any Board regulation that either Congress or the Board intended to render the form a nullity because of an uncompleted blank in the form or similar flaw where, as here, it could not possibly have caused Melfi to think that he had months in order to rescind. The central purpose of the disclosure-the short notice period for rescission at will-was plain despite the blanks. Melfi's argument assumes, rather than establishes, that a penalty was intended.
>
> Some cases finding a blank notice form to be grounds for rescission even though harmless were decided under an earlier version of TILA. In 1995, Congress added a new subsection to TILA, titled "Limitation on Rescission Liability." It provided that a borrower could not rescind "solely from the form of written notice used by the creditor ... if the creditor provided the [borrower] the appropriate form of written notice published and adopted by the Board...." Truth in Lending Act Amendments of 1995, Pub L. No. 104-29, § 5, 109 Stat. 271, 274 (1995) (codified at 15 U.S.C. § 1635(h)).
>
> Read literally, this safe harbor *may* not be available to WMC because, while it used the Board's form of notice, it did not properly fill in the blanks. But the TILA amendments were aimed in general to guard against widespread rescissions for minor violations. *McKenna v. First Horizon Home Loan Corp.,* 475 F.3d 418, 424 (1st Cir.2007). To this extent, Congress has now leaned against a penalty approach and, perhaps, weakened the present force of the older case law favoring extension of the rescission deadline.
>
> In any event, in the absence of some direction from Congress or the Board to impose a penalty, we see no policy basis for such a result. Where, as here, the Board's form was used and a reasonable borrower cannot have been misled, allowing a windfall and imposing a penalty serves no purpose and, further, is at odds with the general approach already taken by this court in *Palmer.*

*Melfi*, 568 F.3d at 312-13.

The court finds *Melfi* persuasive. Plaintiff's argument depends upon the same premise as Melfi's argument – "that any flaw or deviation should be penalized automatically...." *Id.* That is not the law in the Eleventh Circuit.[6] "[T]he law in the Eleventh Circuit is that even if a lender's forms are imperfect as to technical aspects of the notice requirements specified in TILA or Regulation Z, no enlargement of the three-day rescission period occurs so long as the forms furnish 'clear and conspicuous notice of rescission rights.'" *McMillian*, 560 F. Supp. 2d at 1220-21 (citing *Smith*, 108 F.3d at 1327; *Veale*, 85 F.3d at 581). The TILA and Regulation Z require that the rescission deadline be "clearly and conspicuously disclose[d]" in the notice, and merely failing to fill in the date blanks, while also providing that the rescission period ends within three days from the last of the closing, receipt of the TILA disclosures, or receipt of the notice of right to cancel, does not cause a notice form to fall short of this lenient standard.

The Notice in this case was sufficiently clear and conspicuous, as a matter of law, to put plaintiff on notice of his rescission rights. The Notice was on a separate page signed by plaintiff and stated clearly that plaintiff had a legal right to cancel the transaction, without cost, within three business days from the latest of (1) the date of the transaction, which is ________; (2) the date you received your Truth-In-Lending disclosures; or (3) the date you received this notice of your right to cancel." (Doc. 7 at 24.) Although the Notice provided to plaintiff was not perfect because it did not state the date of the transaction or the ending date for the statutory three day

---

[6] Unlike the First and Eleventh Circuits, the Seventh and Ninth Circuits construe TILA in a hypertechnical way. *See, e.g.*, *Jackson v. Grant,* 890 F.2d 118, 120 (9th Cir. 1989)("Even technical or minor violations of the TILA impose liability on the creditor.")(citation omitted), *and Hamm v. Ameriquest Mortgage Co*., 506 F.3d 525, 529 (7th Cir. 2007) ("We have held that, when it comes to TILA, 'hyper-technicality reigns.'")(citation omitted).

right of rescission, the Receipt of Notice was dated "April 25, 2007" on the same line as plaintiff's signature. The Receipt of Notice also explained how business days are calculated for the purposes of exercising the right of rescission. *See* 15 U.S.C. § 226.2(a)(6). Accordingly, "it is a simple matter for a reasonable borrower to calculate the date by which they were required to exercise their rescission rights from the information provided." *Ward*, 2009 WL 3425676 at *5 (citation and footnote omitted). No reasonable consumer, given the Notice and Notice of Receipt in this case, would be confused that he or she had only three days thereafter to exercise the right to rescind. The calculation of three business days was not difficult or confusing. Therefore, the court finds that plaintiff was provided clear and conspicuous notice as a matter of law. Consequently, the right of rescission had to be exercised within three days, and was not extended to three years. Plaintiff's claim for rescission is thus due to be dismissed.

**B. TILA Civil Damages**

As noted *supra*, the Complaint seeks actual and statutory damages. (Doc. 1 at 5-6.) TILA provides for a one year statute of limitations with respect to any action for damages. 15 U.S.C. 1640(a). In the Eleventh Circuit, a TILA violation "'occurs' when the transaction is consummated," *Velardo v. Fremont Investment & Loan*, 298 Fed. Appx. 890, 892 (11th Cir. 2008), and "[n]on-disclosure is not a continuing violation for purposes of the [TILA] statute of limitations." *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984)(citation omitted). Defendant asserts that plaintiff's claim for statutory and actual damages arising from the alleged errors in the TILA disclosures are barred by the running of the applicable one year limitations period. (Doc. 7 at n. 7.) The court agrees.

Plaintiff's TILA claim asserts disclosure violations that occurred at the consummation of the Loan Transaction on April 25, 2007. (*See* doc. 1.) Plaintiff did not file his claim against defendant until May 3, 2010 – more than three years after the Loan Transaction was consummated. (*See id*.) The Complaint also asserts that a violation of TILA § 1635(b) occurred when plaintiff unsuccessfully sought to rescind the Loan Transaction. (*Id.* ¶ 16.) However, because plaintiff attempted rescission occurred via the Cancellation Letter on March 22, 2010, (doc. 7 at 21-24), which is well beyond the three-day statutory rescission window as discussed *supra*, the rescission was untimely. Defendant's refusal to recognize plaintiff's *untimely* rescission does not result in a violation of the TILA. Thus, because plaintiff's TILA damages claim accrued, at the latest, on April 25, 2007, the court is of the opinion that it is apparent from the face of the Complaint that plaintiff's TILA damages claim is time-barred and due to be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, the court is of the opinion that Defendants' Motion to Dismiss Complaint, (doc. 7), is due to be granted. An Order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 30th day of March, 2011

Sharon Lovelace Blackburn

**SHARON LOVELACE BLACKBURN**
**CHIEF UNITED STATES DISTRICT JUDGE**